EDWARD F. HALLIGAN and Others, Respondents, v. NATIONAL DRUG STORES CORPORATION, Defendant. NATIONAL SURETY COMPANY, Appellant.— Judgment unanimously affirmed, with costs. The lease did not provide that the premises should be used for the purpose prohibited by the ordinance,* and, in construing the lease, regard should be had to the covenants providing in substance that the lessee should comply with the rules and regulations of the municipal authorities. Present — Young, Lazansky, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Appointment of a Committee of the Estate of MARTHA GOMER GRAY, an Alleged Incompetent Person. CHARLES A. GOMER, Appellant; G. A. SMITH, Superintendent of Central Islip State Hospital, Respondent.— Order appointing committee affirmed, without costs. No opinion. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

In the Matter of Proving the Last Will and Testament of CHARITY A. GRITMAN, Deceased, as a Will of Real and Personal Property.— Decree and orders of the Surrogate's Court of Queens county unanimously affirmed, with costs. No opinion. Present — Young, Lazansky, Hagarty, Seeger and Carswell, JJ.

IRMANAT REALTY CORPORATION, Respondent, v. MAY EDNA CREAMER and FRANK D. CREAMER, Appellants.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. The contract provisions with respect to the encroachment of the Atlantic Ocean eliminated plaintiff's objection relative to the ocean's encroachment on the gore. The contract provisions with respect to the condemnation proceedings eliminated the question of the title to the gore, so far as the plaintiff was concerned, as the contract made the controversy between the defendants and the city, as to whether or not nominal or substantial compensation should be awarded to the defendants, one with which the plaintiff had no concern, the defendants being solely concerned in the proceeds of such property as became subject to condemnation. So much of the parcel as became subject to condemnation by the city was excluded, by the terms of the contract, from the parcel to be conveyed to the plaintiff. Findings of fact and conclusions of law inconsistent with this memorandum are reversed, and new findings will be made in accordance herewith. Young, Lazansky, Hagarty, Seeger and Carswell, JJ., concur. Settle order on notice.

* See Code of Ordinances of City of New York (1923), chap. 10, § 1, subd. 44; Id. chap. 10, § 272, subd. a.— [REP.